UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JATINDER SINGH,                                                    Case No.

                     Plaintiff,

      -vs.-                                                    **COMPLAINT**

H&J NY CONSTRUCTION INC.
and JASPAL SINGH,

                     Defendants.

------------------------------------------------------------X

      Plaintiff, JATINDER SINGH, by and through his attorneys, the LAW OFFICES OF

WILLIAM CAFARO, complaining of the Defendants, hereby alleges as follows:


## *NATURE OF CASE*

      1.     This is a civil action for damages and equitable relief based upon Defendants'

flagrant and willful violations of Plaintiff's rights guaranteed to him by: (i) the minimum

wage provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 206(a); (ii) the

minimum wage provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y.

Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142 *et seq.*; (iii) the requirement that

Defendants pay Plaintiff in accordance with the agreed upon terms of employment, NYLL §

190, et seq.; (iv) the frequency of payment for manual workers provisions of New York

Labor Law § 190, et seq.; (v) the requirement that employers furnish employees with

accurate wage statements on each payday containing specific categories of information under

the NYLL § 195(3); and (vi) the requirement that employers furnish employees with a wage

notice at the time of hiring and/or on an annual basis containing specific categories of

information, NYLL § 195(1); and (vii) any other claim(s) that can be inferred from the facts

set forth herein.

## *THE PARTIES*

2.  Plaintiff JATINDER SINGH, (hereinafter "Mr. Singh" or "Plaintiff") is an individual residing in Queens County, New York.

3.  At all times herein relevant, Plaintiff was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

4.  Defendant H&J NY CONSTRUCTION INC. (hereinafter "H&J Construction" or the "Company") was and is a domestic business corporation.

5.  Upon information and belief, the Company's principal place of business is located at 95-38 115th Street, South Richmond Hill, NY 11419

6.  Upon information and belief, Defendant JASPAL SINGH, (hereinafter "Jaspal") is an individual, whose actual place of business is located at 95-38 115th Street, South Richmond Hill, NY 11419.

7.  Upon information and belief, at all times herein pertinent, Defendant Jaspal, served as a principal, officer and/or manager of the Company.

8.  Upon information and belief, for the calendar year 2019 the gross receipts of the Company were not less than $500,000.00.

9.  Upon information and belief, for the calendar year 2020 the gross receipts of the Company were not less than $500,000.00.

10.  Upon information and belief, for the calendar year 2021 the gross receipts of the Company were not less than $500,000.00.

11.  Upon information and belief, for the calendar year 2022 the gross receipts of the Company will not be less than $500,000.00.

### *JURISDICTION AND VENUE*

12.     Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and related New York State Department of Labor regulations.

13.     Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

### *FACTUAL ALLEGATIONS*

14.     At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

15.     At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce, including, but not limited to, bobcats, forklifts, and concrete.

16.     Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

17.     H&J Construction is a construction company.

18.     Mr. Singh was employed by the Defendants from on or about October 4, 2021 until on or about April 17, 2022.

3

19.     Mr. Singh was assigned various duties including but not limited to operating construction site machinery such as bobcats and forklifts along with completing concrete and carpentry and concrete framing work.

20.     Throughout the statutory period, Defendants required Plaintiff to work – and he did in fact work – Mondays, Tuesdays, Wednesdays, Fridays and Saturdays from 8:00AM until 2:00PM and Thursdays from 8:00AM until 6:00PM.

21.     Throughout his employment with the Defendants, they failed to pay Plaintiff any wages.

22.     Throughout the statutory time period, Plaintiff regularly performed manual tasks during the majority of work hours. These tasks include but are not limited to operating a forklift to move material pallets containing brick, stone, and blocks, he also used a bobcat to spread and move sand, gravel, backfill and dry concrete mix. Plaintiff also laid metal sheet framing/fencing and assisted the carpenters with wood working and building.

23.     Therefore, Plaintiff spent more than twenty-five percent of his hours worked performing manual tasks.

24.     Throughout the statutory period to the present, Defendants failed to pay Plaintiff, as such he did not receive any wages on a weekly basis.

25.     As a result of the previous paragraph, Defendants withheld wages due and owing to the Plaintiff.

26.     When Defendants hired Mr. Singh, they stated that he would be paid $22.00 per hour. Despite this, Defendants failed to pay Mr. Singh any wages.

27.     Throughout his employment, Plaintiff suffered an underpayment of wages each pay period because Defendant failed to pay wages on a weekly basis and not later than

seven calendar days after the end of the week in which the wages were earned, as required by NYLL § 191.

28.     Plaintiff is a manual worker who depends upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

29.     By withholding the wages due and owing to the Plaintiff, Defendants deprived the Plaintiff of use of those funds to meet their everyday expenses and provide for their basic needs including, but not limited to, food and groceries, rent or mortgage payments, gas or heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for vehicles, education, daycare or childcare, public transportation, and other basic living expenses.  Further, the earned wages were not available to Plaintiff to invest and grow, save or accumulate interest.

30.     Defendants failed to provide Plaintiff with any wage statements that reflected the amount of hours he worked, his regular rate of pay or his overtime rate of pay for each hour he worked in excess of forty hours in a given workweek.

31.     Defendant intentionally did not provide Plaintiff with a wage notice at the time of his hire, or at any time thereafter, containing any of the following information: his rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendant; the name and physical addresses of Defendant; any "doing business as" names used by Defendant; and Defendant's mailing addresses and telephone numbers.

32.     Defendant Jaspal had the power to hire employees at H&J Construction.

33.      Defendant Jaspal hired Mr. Singh on or about October 4, 2021.

34.     Upon information and belief, Defendant Jaspal had the power to fire employees at H&J Construction.

35.     Defendant Jaspal controlled the terms of the Plaintiff's employment in that Jaspal would tell Mr. Singh what tasks to complete and on what time frame they needed to be completed.

36.     Upon information and belief, Defendant Jaspal controlled the work schedule of all of the employees of H&J Construction, including the Plaintiff's work schedule.

37.     Upon information and belief, Defendant Jaspal controlled the rates and methods of payment of each of the employees of H&J Construction., including the Plaintiff's pay rates and methods of pay.

38.     At all times herein pertinent, the Plaintiff performed his duties for Defendant H&J Construction at the direction and under the control of Defendant Jaspal.

39.     Upon information and belief, and at all times herein pertinent, Defendant Jaspal exercised close control over the managerial operations of H&J Construction, including the policies and practices concerning employees.

40.     At all times herein pertinent, Defendant Jaspal controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of H&J Construction in general, and with respect to the Plaintiff in particular.

41.     At all times herein pertinent, Defendant Jaspal acted as the Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

42.     The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages earned.

43.     Plaintiff alternatively alleges that Defendants created records showing the number of hours Plaintiff worked and/or of wages earned, but upon information and belief, has not maintained them as required by law.

44.     Upon information and belief, Defendants, at the time of hire, failed to give the Plaintiff a wage notice that conforms with New York law.

45.     Upon information and belied, Defendants failed to give the Plaintiff a wage statement with every payment of wages.

46.     Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

47.     Every hour that Plaintiff worked was for Defendants' benefit.

### AS AND FOR A FIRST CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (MINIMUM WAGE)

48.     Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

49.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

50.     Defendants have failed to pay the proper statutory minimum wage to which he has been entitled under the FLSA.

51.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

52.     Due to Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

53.     As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of the proper minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NEW YORK STATE LABOR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (FAILURE TO PAY MINIMUM WAGE)

54.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

55.     At all times herein pertinent, Plaintiff was an employee of Defendants within the meaning of the New York Labor Law.

56.     Defendants are joint employers of the Plaintiff within the meaning of the New York Labor Law.

57.     The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

58.     Defendants have failed to pay the Plaintiff the proper minimum wages to which he was entitled under the New York Labor Law.

59.     By Defendants' failure to pay the Plaintiff proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

### AS AND FOR A THIRD CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY WAGES IN ACCORDANCE WITH THE PARTIES AGREED
### TERMS OF EMPLOYMENT)

60.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

61.     NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with their agreed terms of employment.

62.     The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, by failing to pay Plaintiff wages in accordance with their agreed upon terms of employment. Specifically Defendants failed to compensate Plaintiff at his regular rate of pay for certain hours that he worked in accordance with the agreed upon terms of employment

63.     Through their knowing or intentional failure to pay Plaintiff in accordance with the agreed upon terms, Defendants have willfully violated the NYLL, Article 19, § § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

64.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### *AS AND FOR A FOURTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE ANNUAL WAGE NOTICES)*

65.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

66.     Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

67.     Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A FIFTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE WAGE STATEMENTS*

68.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

69.     Defendants have willfully failed to furnish the Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

70.     Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A SIXTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO TIMELY PAY WAGES)*

71.     Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

72.     From six years prior to the commencement of this action until the present, Plaintiff was employed as a manual worker or workingmen, as defined by the NYLL.

73.     NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

74.     From six years prior to the commencement of this action until the present, Defendants failed to pay Plaintiff their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation NYLL § 191.

75.     Defendants' violations of the NYLL have been willful and intentional.

76.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d.      All damages that Plaintiff has sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendants' unlawful payment practices;

e.      Declaring Defendants' violations of the FLSA and NYLL were willful;

f.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g.      Awarding Plaintiff his costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

h.      Awarding punitive damages;

i.      Pre-judgment and post-judgment interest, as provided by law;

j.      Awarding such other and further relief as available under the statues; and

k.      Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
        September 6, 2022

                                    Respectfully submitted,
                                    LAW OFFICES OF WILLIAM CAFARO

                                    _____
                                    Amit Kumar, Esq. (AK0822)
                                    *Attorneys for Plaintiff*
                                    108 West 39th Street, Suite 602
                                    New York, New York 10018
                                    (212) 583-7400
                                    AKumar@Cafaroesq.com